**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVE A. SEITZ,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 00-6015
(W. District of Oklahoma)
(D.C. No. 99-CV-88)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Steve Seitz's *pro se* request for a certificate of appealability ("COA"). Seitz seeks a COA so that he can appeal the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (holding that no appeal may be taken from an order denying relief in a § 2254 petition unless the petitioner-appellant first obtains a COA). Seitz was convicted in Oklahoma state court on two counts of lewd or indecent acts with a child under the age of sixteen, three counts of first degree rape, one count of forcible oral sodomy, and one count of attempted sodomy; he received a lengthy prison sentence. Seitz filed the instant § 2254 habeas petition in January of 1999 alleging some forty claims of constitutional error. Seitz's petition was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a thorough and well-reasoned report and recommendation ("R & R") the magistrate judge recommended that Seitz's petition be dismissed because it was filled well outside the one-year limitations period set out in 28 U.S.C. § 2244(d). The magistrate judge further concluded that Seitz had failed to identify any circumstances that would support an equitable tolling of the limitations period. Upon *de novo* review, the district court adopted the R & R and dismissed Seitz's petition.

To demonstrate his entitlement to a COA, Seitz must make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Because the district court dismissed Seitz's petition on limitations grounds, Seitz must demonstrate both that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in concluding the petition was filed outside of § 2244(d)'s limitations period. *See Slack v. Warden*, 120 S. Ct. 1595, 1603-04 (2000). The analysis set forth in the R & R thoroughly and correctly demonstrates that Seitz's petition was untimely and that he is not entitled to the benefits of equitable tolling. This court will not expend scarce judicial resources in repeating that analysis. Seitz's request for a COA is **DENIED** for substantially those reasons set forth in the R & R. The appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge